IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISMAEL ROMAN,          : | |
|    Petitioner,       : | |
|                            : | CIVIL ACTION |
|                            : | |
| v.                         : | NO. 09-1806 |
|                            : | |
| SUPERINTENDANT       : | |
| JOHN KERESTES, et al., : | |
|    Respondents.      : | |

### ORDER

Israel Roman objects to the Magistrate Judge's recommendation that I deny his habeas corpus petition. 28 U.S.C. § 2254. I will overrule Petitioner's objections and adopt the Magistrate's Report and Recommendation.

I.  BACKGROUND

On November 14, 2006, a Pennsylvania state court jury convicted Petitioner of aggravated assault, possession of an instrument of crime, terroristic threats, and reckless endangerment. On January 8, 2007, the Court sentenced Petitioner to 22 to 44 months imprisonment and four years of probation. Represented by counsel, Petitioner timely appealed, presenting the single claim of evidentiary sufficiency. On January 3, 2008, the Superior Court affirmed Petitioner's judgment of sentence. Commonwealth v. Roman, No. 427 EDA 2007 (Pa. Super. Jan. 3, 2008) (table).

On June 3, 2008, Petitioner filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act. (Doc. No. 8, Ex. B.) The Court then appointed counsel to represent Petitioner. On

1

July 29, 2009, the PCRA Court dismissed the petition pursuant to counsel's "no merit" letter. (Doc. No. 13, Ex.)  Petitioner's appeal from the PCRA Court's decision is currently pending before the Superior Court.

On April 28, 2009, Petitioner filed the instant *pro se* habeas petition.  (Doc. No. 1.)  On June 25, 2009, the Magistrate Judge recommended that I deny the petition because Petitioner has not exhausted his state court remedies.  (Doc. No. 10.)  Petitioner filed *pro se* objections to the Report, to which the Commonwealth has responded.  (Doc. Nos. 13, 15.)

## II.     STANDARD OF REVIEW

The extent of my review of the Magistrate's Report is committed to my discretion.  See Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636(b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## III.    DISCUSSION

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1)(A).  See also O'Sullivan v. Boerckel, 526 U.S. 838, 838 (1999) ("[S]tate prisoners must give state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.").  A prisoner will not be deemed to have exhausted all state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §§ 2254(b)(1)(C).

In this case, Petitioner alleges: (1) that the trial court erred by refusing to admit into evidence the recording of a 911 telephone call made by his wife; (2) that his trial counsel failed "properly [to] argue" that Petitioner was protecting his property when he attacked the victim; and (3) that his counsel failed to communicate with him during trial.  (Doc. No. 1.)  Petitioner did not raise any of these claims on direct appeal.  See Commonwealth v. Roman, No. 427 EDA 2007 (Pa. Super. Jan. 3, 2008) (table).  He did include them in his *pro se* PCRA petition.  In her "no merit" letter to the PCRA Court, however, Petitioner's appointed counsel explained why she believed these claims were baseless.  See Doc. No. 13, Ex. C.  The PCRA Court agreed with counsel and dismissed the petition.  See Doc. No. 13, Ex.  Petitioner has appealed that dismissal to the Superior Court.  Because that appeal is still pending, Petitioner has not yet exhausted the remedies available to him "to raise . . . the question[s] presented" in state court.  28 U.S.C. §§ 2254(b)(1)(C).  See Phillips v. DiGuglielmo, 2008 U.S. Dist. LEXIS 91475, at *4 (E.D. Pa., Oct. 11, 2008) (habeas claims were not exhausted where they were unsuccessfully raised in a PCRA petition and where appeal on those claims was pending in the Superior Court); Walker v. Vaughn, 1993 U.S. Dist. LEXIS 447, at *3 (E.D. Pa., Jan. 15, 1993) ("The state must be given the 'initial opportunity to pass upon and correct' alleged violations of a petitioner's constitutional rights [under § 2254(b)].  In Pennsylvania, a PCRA proceeding is a state remedy entitled to such federal deference.") (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).

Petitioner apparently acknowledges that he has failed to exhaust his state court remedies.  See Doc. No. 13 at ¶ 1 ("[Petitioner filed a pro-se petition for Habeas Corpus relief.  He alleges three claims[,] which were not exhausted at the state court level.").  Petitioner nevertheless objects to the Magistrate's Report and Recommendation, apparently protesting his lawyer's

assessment that the claims he now seeks to raise have "no merit."  Petitioner's appeal from the PCRA Court's ruling on those issues is pending.  If the Superior Court agrees with Petitioner, presumably it will afford him appropriate relief.  If it rejects his appeal – and Petitioner complies with all other procedural requirements – then presumably Petitioner will have exhausted his state court remedies.  See, e.g., 28 U.S.C. § 2244(d) (one-year limitations period governs application for writ of habeas corpus).  In these circumstances, I will deny Petitioner's writ of habeas corpus without prejudice.

## IV.   CONCLUSION

The Magistrate Judge correctly concluded that Petitioner has failed to exhaust state remedies as required by § 2254.  Accordingly, I will deny his habeas corpus petition without prejudice.

**AND NOW**, this 1st day of September, 2009, upon consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 7), the Report and Recommendation of the Magistrate Judge (Doc. No. 10), Petitioner's Objections to the Report and Recommendation (Doc. No. 13), the Response to Petitioner's Objections (Doc. No. 15), and all related submissions, it is hereby **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court shall close this matter for statistical purposes.

                                                  **IT IS SO ORDERED**.

                                                  /s/ Paul S. Diamond

                                                  _____
                                                  **Paul S. Diamond, J.**